UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| KRISTEN S. NORTON, | : | CASE NO. 16-20790 (JJT) |
| | : | |
| DEBTOR. | : | RE: ECF NOS. 12, 22, 26, 33, 34, 36, 37 |

**BENCH DECISION RE: THRESHOLD PROCEDURAL MATTERS**

This Chapter 7 bankruptcy case was reopened (ECF No. 13) to address the Debtor's motion for contempt ("Motion," ECF No. 12) for alleged violations of the discharge injunction[1] by the Town of South Windsor, Connecticut ("Town"), and several individuals related to the Town (collectively, "Respondents"). The Respondents filed two objections ("Objections," ECF Nos. 22 and 26) to the Motion, which raise a bevy of defenses to the Debtor's claims in the Motion. The Court held an initial hearing on the Motion and Objections on April 23, 2019 (ECF No. 30). At the hearing, the Court ordered the parties to brief: (1) whether the issues raised in the Motion needed to be raised in an Adversary Proceeding or could continue as a Contested Matter, and (2) whether there was anything within a decision issued in a related action in Superior Court[2] that has preclusive effect on the matter before this Court.

First, having considered the parties' briefs, the Court concludes that an Adversary Proceeding is the appropriate vehicle for prosecuting the issues raised in the Motion. "[G]enerally speaking, civil contempt sanctions for the violation of the discharge injunction must be sought by contested matter rather than an adversary proceeding[,]" *Green Point Credit, LLC*

---

[1] As an initial matter, the Court finds that this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(O).

[2] *Town of S. Windsor v. Lanata*, Superior Court, Judicial District of Hartford, Docket No. CV-17-6083374-S. The Debtor was formerly known as Kristin Lanata. The Court took judicial notice of this docket and that of another related action pending in the U.S. District Court, *Norton v. Galligan*, Docket No. 17-00395 (VAB) (D. Conn.).

*v. McLean (In re McLean)*, 794 F.3d 1313, 1326 (11th Cir. 2015) (citations and internal quotation marks omitted); "[h]owever, because neither the Bankruptcy Code or Rules mandates it, some courts have permitted a debtor to proceed by adversary proceeding" to pursue discharge violations. *In re Ritchey*, 512 B.R. 847, 860 (Bankr. S.D. Tex. 2014) (citations and internal quotation marks omitted). The Court is also mindful of Rule 7001 of the Federal Rules of Bankruptcy Procedure, which specifies the types of claims that must be decided in an Adversary Proceeding. Although a Contested Motion for violations of the discharge injunction can include claims for actual damages, punitive damages, and attorney's fees, *see Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193, 1205 n.7 (9th Cir. 2008), *aff'd*, 559 U.S. 260 (2010), the Debtor here also asks for emotional distress damages. Such a claim will require some level of discovery in order for the parties to fairly present evidence for or against it. Additionally, as there is some dispute about the scope of the Debtor's discharge and ancillary relief sought herein, an Adversary Proceeding is the proper means for adjudicating this dispute. The Debtor shall have twenty-one (21) days to file a complaint encompassing the issues raised in the Motion, serve it upon the named defendants, and to pay the requisite filing fee.

      Second, the Court has considered the parties' positions regarding whether Superior Court Judge Thomas G. Moukawsher's February 14, 2019 Memorandum of Decision, as made final by his April 24, 2019 order, has any preclusive effect on the issues raised in the Motion. The Court concludes that Judge Moukawsher's decision has limited preclusive effect. This Court must give that decision "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). In Connecticut, "[u]nder the doctrine of res judicata, a final judgment, when rendered on the merits, is an absolute bar to a subsequent action, between the same parties or

those in privity with them, upon the same claim. . . . In contrast, collateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim." *Mazziotti v. Allstate Ins. Co.*, 240 Conn. 799, 812, 695 A.2d 1010 (1997) (citations and internal quotation marks omitted). Although Judge Moukawsher meticulously lays out some factual predicates in his decision about the history and nature of the Debtor's use of her property and some of the Town's actions—which the Debtor is precluded from relitigating—he made no mention of the Debtor's discharge in determining the amount of the fine imposed and refused to issue any fine for activity before February 2017 due to what he thought were serious notice and due process concerns. Thus, none of the legal conclusions in that decision encompassed the Town's pursuit of the blight lien at the heart of the Motion, nor were any facts about the bankruptcy discharge actually and necessarily determined.

Although res judicata also encompasses claims that might have been made, *Conn. Nat. Bank v. Rytman*, 241 Conn. 24, 43, 694 A.2d 1246 (1997), the Town's argument that the Debtor is barred from pursuing her claim here on this basis is disingenuous because the Town explicitly withdrew its claim regarding the blight lien in the Superior Court. It would be perverse to allow the Town to withdraw the claim before the state court but then claim that there is claim preclusion nonetheless. For similar reasons, the *Rooker–Feldman* doctrine does not apply because the Motion does not seek the invalidation of Judge Moukawsher's decision but sanctions on a matter that went undecided due to the Town's express wish. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005).

In sum, the Debtor is precluded from relitigating those facts actually and necessarily determined in Judge Moukawsher's decision but is otherwise not precluded from pursuing the

claimed discharge violations; however, given the nature of the Debtor's claims, she must commence an Adversary Proceeding to pursue these claims as directed herein. The Court makes no findings regarding any claim or defense heretofore raised or interposed.

    IT IS SO ORDERED at Hartford, Connecticut this 14th day of May 2019.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut
